UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ZACHERY ARRANT ET AL**          **CASE NO. 2:22-CV-01976**

**VERSUS**          **JUDGE JAMES D. CAIN, JR.**

**ATLANTIC SPECIALTY INSURANCE CO ET AL**          **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM RULING

Before the Court is "Atlantic Specialty Insurance Company's Motion for Summary Judgment" (Doc. 27). Defendant, Atlantic Specialty Insurance Company ("ASIC") moves to dismiss with prejudice Plaintiffs' claims against it for Accidental Medical Expense Benefits ("AME") Benefits and "Survivor's Benefits" under the policy of insurance at issue in this case. Plaintiffs have not filed an opposition to the Motion and the time for doing so has elapsed.

## FACTUAL STATEMENT

On or about August 20, 2021, Arthur Arrant died following an occupational accident. During the relevant time period, ASIC issued an Occupational Accident Policy for Participating Contractors of Expedited Logistics and Freight Services, LLC as a Participating Organization in the Trucking Industry Group Insurance Trust, Policy Number 216-002-089, (the "Policy") that was in force and effect on the date of Mr. Arrant's injury.[1]

Plaintiffs claim that they are entitled to recover certain benefits under the Policy, including Accident Medical Expense Benefits ("AME Benefits") and "Survivor's

---

[1] Defendant's Exhibit A, att. Exhibit 1.

Benefits".[2] Plaintiffs are not named as beneficiaries.[3] Plaintiffs have not paid, or otherwise incurred, any medical expenses as a result of Mr. Arrant's injury or death.[4]

The invoices reflecting the health care services provided to Mr. Arrant following his August 21, 2021, accident show that Mr. Arrant executed an assignment of benefits, granting medical providers the right to receive payment directly from his insurance carriers.[5]

The Policy provides that Survivor's Benefits may be paid to "Dependent Child(ren)" defined as "those unmarried children of the Insured Person… who rely on the Insured Person for more than 50% of their support and are taken as dependents on the Insured Person's Federal Income Tax Return, and who are either: 1) less than nineteen (19) years of age; or 2) less than twenty-three (23) years of age and enrolled on a full-time basis in a college, university or trade school."[6] None of the Plaintiffs were claimed as dependents on Mr. Arrant's 2021 Federal Income Tax Return.[7]

Plaintiffs Zachery Arrant and Grace Arrant were claimed as dependents on Mr. Arrant's Federal Income Tax Returns for tax years 2016, 2017, 2018, 2019, and 2020.[8] Plaintiffs Jackson Arrant and Taylor Arrant were not claimed as dependents on Mr. Arrant's Federal Income Tax Returns for tax years 2018, 2019, 2020, and/or 2021.[9] Plaintiff Zachery Arrant was born on May 25, 1999, turned 19 on May 25, 2018, and

---

[2] Doc. 1, ¶ 5.
[3] Defendants' exhibit B.
[4] Defendants' exhibit C.
[5] Defendants' exhibit D.
[6] Defendants exhibit A, p. 29.
[7] Defendants exhibit E.
[8] *Id.* Response to Interrogatory No. 9.
[9] *Id.* Response to Interrogatory No. 9.

graduated from Sowela Technical College in May of 2019.[10] Plaintiff Taylor Arrant was born on March 4, 2001, turned 19 on March 4, 2020, and graduated from Sowela Technical College in December of 2021.[11] Plaintiff Grace Arrant was born on January 20, 2003, turned 19 on January 20, 2022, and graduated from Ritz Academy in February of 2022.[12] Plaintiff Jackson Arrant was born on May 21, 2004, and turned 19 on May 21, 2023.[13]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

---

[10] *Id.* Response to Interrogatory Nos. 2 and 3.
[11] *Id.*
[12] *Id.*
[13] *Id.* Response to Interrogatory No. 2.

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Plaintiffs Zachery Arrant, Taylor Arrant, Grace Arrant, and Jackson Arrant ("Plaintiffs") have sued Atlantic Specialty Insurance Company ("ASIC")1 alleging that they are entitled to certain benefits under the Occupational Accident Policy for Participating Contractors of Expedited Logistics and Freight Services, LLC as a Participating Organization in the Trucking Industry Group Insurance Trust, Policy Number 216-002-089, issued by ASIC (the "Policy"), that provided certain coverages to their deceased biological father, Arthur Arrant.

Defendants move to dismiss any claims Plaintiffs may have as to AME. Defendants contend that the policy pays these benefits either directly to the medical provider or the insured, but Plaintiffs, Grace, Taylor, Grace and Jackson are neither the medical provider or the insured. Additionally, Defendants remark that Plaintiffs have admitted that they have not incurred any expenses associated with the deceased's medical treatment and no

judgment of possession has been issued in connection with the deceased's succession proceeding.[14] Thus, Defendants argue that Plaintiffs have no legal right to recover AME benefits under the policy. Plaintiffs have not submitted any summary judgment evidence to create a genuine issue for trial as to their AME benefits claim. As such, this claim will be dismissed with prejudice.

Next, Defendants move to dismiss with prejudice Plaintiffs' claims for survival benefits. Defendants note that the Policy's Survivor's Benefits coverage provides for some payments to the dependent children of a deceased insured, provided that those dependent children are unmarried, relied on the deceased for more than 50% of their support, claimed as dependents on the deceased insured's Federal Income Tax Return, and are either less than 19 years old or less than 23 years old and enrolled on a full-time basis in a college, university or trade school.

Defendants have submitted undisputed summary judgment evidence that none of the Plaintiffs (Grace, Taylor, Grace and Jackson ) were claimed as dependents on decedent's 2021 tax return. Defendants also contends that several of the Plaintiffs fail to meet the additional requirements for eligibility for Survivor Benefits.

The Policy provides that Survivor's Benefits will be paid in monthly installments of $2,000 until termination to a surviving spouse. Where the insured is not survived by a spouse, payment will be made to the insured's "surviving Dependent Child(ren), if any."[15] The Policy goes on to provide that: "[i]f there is more than one surviving Dependent Child,

---

[14] Defendants' exhibit C.
[15] Defendants; exhibit A, p. 11.

the Survivor's Benefit will be distributed equally among the Surviving Dependent Children. The Policy defines "Dependent Children" as follows:

### SECTION X – GENERAL DEFINITIONS

\* \* \*

> Dependent Child(ren) means those unmarried children of the Insured Person . . . who rely on the Insured Person for more than 50% of their support and are taken as dependents on the Insured Person's Federal Income Tax Return, and who are either: 1) less than nineteen (19) years of age; or 2) less than twenty-three (23) years of age and enrolled on a full-time basis in a college, university or trade school . . . .[16]

As argued by Defendants, none of the Plaintiffs were claimed by Mr. Arrant on his 2021 Federal Income Tax Return. Thus, Plaintiffs are not eligible for Survivor's Benefits under the policy.

### CONCLUSION

For the reasons explained herein, the Court will grant Atlantic Specialty Insurance Company's Motion for Summary Judgment (Doc. 27) and dismiss with prejudice Plaintiffs' claims for AME benefits and Survivor benefits.

**THUS DONE AND SIGNED** in Chambers on this 21st day of February, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Id.* 29.